UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JON C. BALLAY                                    CIVIL ACTION

VERSUS                                           NUMBER: 14-0516

MARLIN GUSMAN, O.P.P. SHERIFF, ET AL.            SECTION: "R"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* plaintiff, Jon C. Ballay, against defendants, Orleans Parish Sheriff Marlin Gusman and "A" to "Z" defendants who have yet to be named. Plaintiff, a pre-trial detainee who is held within the Orleans Parish Prison system, complains of the presence of a large pool of raw sewerage that is seeping from the ground within the temporary tent in which he is housed. Plaintiff seeks some ten million dollars in compensatory and punitive damages.

In *Ballay v. Gusman, et al.*, No. 14-CV-0515 "R"(2), a case that is presently pending before another section of the Court, plaintiff complains of the same unsanitary jail conditions that are at issue in this lawsuit. The only difference between the two suits is that in the lower-numbered proceeding, plaintiff names as defendants, in addition to Sheriff

1

Gusman and the "A" to "Z" defendants, Chief Miller, Sergeant Hudson, Lieutenant Rhodes, and outside contractors involved in the construction of the new jail facilities.

The Fifth Circuit has held that "... IFP complaints may be dismissed as frivolous [or malicious] pursuant to [former] §1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417 (1980)(citing *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988)). Principles of *res judicata* serve to bar all claims that were brought or could have been brought based on the same operative factual nucleus. *McGill v. Juanita Kraft Postal Service*, No. 03-CV-1113, 2003 WL 21355439 at *2 (N.D. Tex. June 6, 2003), *adopted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003). A complaint is thus malicious and subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i) "... when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." *Id*. (quoting *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)).

The instant proceeding, which was filed IFP, is repetitious litigation against the same parties and of the same cause of action presented in No. 14-CV-0515 and is thus subject to being dismissed as malicious under §1915(e)(2)(B)(i). The privilege of proceeding IFP at government expense does not entitle plaintiff to a second "... bite at the litigation apple ..." with respect to the conditions of confinement of which he complains herein. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). As plaintiff's previous lawsuit is still pending, the dismissal in this case should be without prejudice to plaintiff's

2

prosecution of his claim in that other proceeding. *Lewis v. Sec. of Public Safety and Corr.*, 508 Fed.Appx. 341, 344 (5th Cir. 2013).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  20th  day of  March , 2014.

MICHAEL B. NORTH  
UNITED STATES MAGISTRATE JUDGE